IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| NATIONWIDE LIFE INSURANCE COMPANY, <br><br>  Plaintiff, <br> v. <br> PENNMONT BENEFIT SERVICES, INC., *et al.*, <br><br>  Defendants. | No. 2:05-cv-604-MHW-MRA <br><br> Judge Michael H. Watson <br> Magistrate Judge Mark R. Abel |
| NATIONWIDE LIFE INSURANCE COMPANY, <br><br>  Plaintiff, <br> v. <br> JOHN J. KORESKO, V, <br><br>  Defendant. | No. 2:05-cv-1066-MHW-MRA <br><br> Judge Michael H. Watson <br> Magistrate Judge Mark R. Abel |
| JOHN J. KORESKO, V, *et al.*, <br><br>  Plaintiffs, <br> v. <br> NATIONWIDE LIFE INSURANCE COMPANY, <br><br>  Defendant. | No. 2:06-cv-66-MHW-MRA <br><br> Judge Michael H. Watson <br> Magistrate Judge Mark R. Abel |

**NATIONWIDE LIFE INSURANCE COMPANY'S BRIEF REGARDING
*BILSKI v. KAPPOS*, PURSUANT TO THE COURT'S FEBRUARY 24, 2009 ORDER**

Pursuant to the Court's February 24, 2009 Order, Nationwide Life Insurance Company ("Nationwide") submits this brief concerning the impact of the United States Supreme Court's decision in *Bilski v. Kappos*, 130 S. Ct. 3218 (2010), on this litigation.

**I.  Preliminary Statement**

Distilled to its essence, Mr. Koresko's U.S. Patent No. 6,963,852 B2 (the "'852 Patent") claims nothing more than the idea for selecting an available variable insurance policy or variable annuity to fund a qualified defined benefit pension plan without violating federal tax laws.  In

*Bilski*, the Supreme Court rejected an analogous financial method of hedging weather-based risk in commodities trading, and reiterated its prior holdings interpreting Section 101 of the Patent Act, 35 U.S.C. § 101, which have never recognized a claim to a tax strategy (like the method of the '852 Patent[1]) to recite patent-eligible subject matter.  While the Supreme Court declined to adopt the Federal Circuit's bright-line "machine-or-transformation" test for determining patentable subject matter, it nonetheless: (1) recognized the machine-or-transformation test as the important indicator of a patentable process, and (2) reiterated that an abstract idea, no matter how useful, is not patent-eligible.  In light of *Bilski* and the other Supreme Court precedents, the '852 Patent is invalid because it fails the machine-or-transformation test and is, in any event, an unpatentable abstract idea.

## II.     Background and Holding of *Bilski v. Kappos*

Under Section 101, a patent may be granted only to one who "invents or discovers" a new and useful machine, manufacture, process or composition.  35 U.S.C. § 101.  Twelve years ago in *State Street Bank & Trust Co. v. Signature Financial Group, Inc.*, 149 F.3d 1368 (Fed. Cir. 1998), the Federal Circuit held that the test for patentability was whether the claimed subject matter produced "a useful, concrete and tangible result."  *Id.* at 1373.  (The '852 Patent, issued in 2005, was granted under the more lenient *State Street* standard.)

Ten years later, however, when addressing the patentability of a method of hedging weather-based risk in commodities trading in *Bilski*, the *en banc* Federal Circuit overruled *State Street* in favor of a two-part test, under which a claimed process was patent-eligible only if: (1) it is tied to a particular machine or apparatus; or (2) it transforms a particular article into a different

---

[1]  Although the Supreme Court has not recognized tax strategies as patentable subject matter, the United States Patent and Trademark Office issued a limited number of tax-strategy patents prior to *Bilski*.  The '852 Patent is recognized as a tax-strategy patent.  *See* American Bar Association's Listing of Patents Classified as Tax Strategy Patents by the PTO, *available at* http://www.abanet.org/tax/patents/issuedtaxstrategypatents.pdf.

state or thing (the "machine-or-transformation test"). *In re Bilski*, 545 F.3d 943, 954 (Fed. Cir. 2008). Applying the machine-or-transformation test, the Federal Circuit concluded that the applicants sought to claim unpatentable subject matter. In part because the Federal Circuit's new test questioned the validity of many patents previously issued under the lenient *State Street* standard, the Supreme Court granted certiorari, and, on June 28, 2010, issued an opinion that affirmed the Federal Circuit's judgment, though not all of its reasoning.

With respect to the particular patent claims at issue in the case, the Supreme Court found that the applicants were trying to patent an "abstract idea." *Bilski*, 130 S. Ct. at 3229-31. The Court held this type of method claim unpatentable under the "guideposts" of its prior decisions in *Gottschalk v. Benson*, 409 U.S. 63 (1972), *Parker v. Flook*, 437 U.S. 584 (1978), and *Diamond v. Diehr*, 450 U.S. 175 (1981). *Bilski*, 130 S. Ct. at 3231.

The Court also reiterated that "laws of nature, physical phenomena, and abstract ideas" are not patentable. *Id*. at 3225. And although the Court declined to adopt the "machine-or-transformation test" as the *only* test for patentability of a process claim, it emphasized that the test is "a useful and important clue, an investigative tool, for determining whether some claimed inventions are processes under § 101." *Id.* at 3227. Four other justices expressly would have held that business methods are not patentable. *Id.* at 3257 (Stevens, J., concurring).

A separate concurrence summarizes the key points shared by all of the Court's members:

- The Court was not expressing approval of the Federal Circuit's prior "useful, concrete, and tangible result" test from *State Street* (and overruled in *In re Bilski*);

- The machine-or-transformation test is not the exclusive test, but has "repeatedly helped the Court to determine what is 'a patentable process'"; and

- Phenomena of nature, mental processes, and abstract intellectual concepts are categorically not patentable.

*See id*. at 3258-59 (Breyer, J., concurring).

3

**III.     Discussion**

The '852 Patent does not pass the machine-or-transformation test, but rather seeks to patent the abstract mental process of arranging variable insurance products to fund a qualified defined benefit pension plan in accordance with a particular provision of the Internal Revenue Code. Such a method is not directed to patent-eligible subject matter under the Supreme Court's precedent, rendering the '852 Patent invalid.

**A.     The '852 Patent fails the machine-or-transformation test because it includes neither a process tied to a particular machine nor a physical transformation.**

While declining to adopt "machine-or-transformation" as the only test, *Bilski* reiterates that it "is a useful and important clue, an investigative tool, for determining whether some claimed inventions are processes under § 101." *Id.* at 3227. Applying the test here, the validity of the '852 Patent is seriously undermined because it is not tied to a particular machine and does not transform an article.

*1.     The '852 Patent is not tied to a particular machine.*

An examination of the '852 Patent shows that its claims are not tied to a "particular" machine. For example, claim 1 is highlighted to show all direct and indirect references to a machine:

> 1. A **computer implemented data-processing method** for creating a qualified defined benefit pension plan funded using variable life insurance contracts, the method comprising:
>
> (a) entering, **via at least one user interface**, actuarial data used to create the qualified defined benefit pension plan;
>
> (b) based on the actuarial data, **electronically** generating a variable life insurance policy;
>
> (c) funding the qualified defined benefit pension plan using the variable life insurance policy;

4

>> (d) **electronically** generating a separate agreement that extra-contractually modifies the variable life insurance policy, wherein the plan includes the policy and the separate agreement; and
>
> (e) providing a guaranty of the plan benefits using the plan's policy and separate agreement.

U.S. Patent No. 6,963,852 B2, col.17, l.50-66 (issued Nov. 8, 2005).

Basically, this claim describes a method of creating a specific type of pension plan that complies with the federal tax laws by: (1) collecting the actuarial data of a customer (age, occupation, etc.), (2) selecting a pre-existing variable life insurance policy offered by an insurance company (like Nationwide), and (3) making a separate agreement with the insurance company to change the terms of the policy such that the policy is guaranteed to pay-out—so that the policy can be used to fund a specific type of pension plan for which the Internal Revenue Code requires a guaranteed pay-out.[2]

The claim's routine recitation of "a computer," "user interface," or other generic electronic equipment, however, fails to meet the criteria for a "particular machine."[3] While it may be quicker and easier to perform the claimed process on a computer, "for the addition of a machine to impose a meaningful limit on the scope of a claim, it must play a significant part in permitting the claimed method to be performed, rather than function solely as an obvious mechanism for permitting a solution to be achieved more quickly, i.e., through the utilization of a computer for performing calculations." *SiRF Tech., Inc. v. Int'l Trade Comm'n*, 601 F.3d

---

[2] The other claims of the '852 Patent are variations on this first claim, addressing the use of other types of existing insurance products such as variable annuity contracts and policies.

[3] *See, e.g., DealerTrack, Inc. v. Huber*, 657 F. Supp. 2d 1152, 1155-56 (C.D. Cal. 2009) ("the claimed central processor is nothing more than a general purpose computer that has been programmed in some unspecified manner"); *CyberSource Corp. v. Retail Decisions, Inc.*, 620 F. Supp. 2d 1068, 1077 (N.D. Cal. 2009); *Fuzzysharp Techs. Inc. v. 3D Labs Inc.*, No. 07-5948, 2009 WL 4899215, at *4-5 (N.D. Cal. Dec. 11, 2009); *Ex parte Myr*, No. 2009-5949, 2009 WL 3006497, at *4-5 (B.P.A.I. Sept. 18, 2009); *Ex parte Mitchell*, No. 2008-2012, 2009 WL 460662, at *4 (B.P.A.I. Feb. 23, 2009); *Ex parte Nawathe*, No. 2007-3360, 2009 WL 327520, at *4 (B.P.A.I. Feb. 9, 2009); *Ex parte Gutta*, No. 2008-3000, 2009 WL 112393, at *5-6 (B.P.A.I. Jan. 15, 2009); *Ex parte Cornea-Hasegan*, No. 2008-4742, 2009 WL 86725, at *9-10 (B.P.A.I. Jan. 13, 2009).

1319, 1332-33 (Fed. Cir. 2010); *see Benson,* 409 U.S. at 64 (denying patent protection to an algorithm for converting binary-coded-decimal numerals into pure binary numerals, even though the algorithm was implemented in a general purpose digital computer); *Flook*, 437 U.S. at 586, 590 (rejecting patentability of an algorithm that was implemented in a computer because the idea that a process becomes patentable when combined with a computer "exalts form over substance").

### 2. The '852 Patent also does not describe a "transformation."

The claims of the '852 Patent also fail the machine-or-transformation test because they do not "transform[] a particular article into a different state or thing." *Bilski*, 545 F.3d at 954. The facts underlying *Bilski* show that the analogous claims here also do not meet this standard.

The claim in *Bilski* was for a "method of hedging risk in the field of commodities trading." *Bilski*, 545 F.3d at 949. The Federal Circuit considered whether a method that "involve[d] the manipulation of even more abstract constructs such as legal obligations, organizational relationships, and business risks" could qualify as a "transformation or reduction of an article into a different state or thing." *Id.* at 962. The Circuit Court found that "[p]urported transformations or manipulations simply of public or private legal obligations or relationships, business risks, or other such abstractions cannot meet the test because they are not physical objects or substances, and they are not representative of physical objects or substances." *Id.* at 963.

Like the claims in *Bilski*, the claims of the '852 Patent involve only the manipulation of legal obligations and relationships. Specifically, the method of the '852 Patent only transforms or manipulates the contractual terms of a generic insurance policy by adding a separate

6

agreement that changes the policy's terms.  Such claims do not amount to transformation of an article or thing, and therefore fail the "transformation" prong of the test.[4]

      **B.    The '852 Patent fails to recite patent-eligible subject matter because it is an abstract idea dependent on a mental process.**

Both the opinion of the Court in *Bilski* and Justice Stevens's opinion concurring in judgment indicated that the "Court intend[ed] neither to de-emphasize the [machine-or-transformation] test's usefulness nor to suggest that many patentable processes lie beyond its test." *Id.* at 3259 (Breyer, J., concurring).  In fact, the entire Court agrees that "the machine-or-transformation test is reliable in most cases."  *Id.* at 3232 (Stevens, J., concurring); *see also id.* at 3235 ("Few, if any, processes cannot effectively be evaluated using these criteria.") (Stevens, J., concurring).

Recognizing that few patentable processes lie beyond the machine-or-transformation test, after the Court issued its decision in *Bilski*, the United States Patent and Trademark Office instructed its patent examiners that "[i]f a claimed method does not meet the machine-or-transformation test, the examiner should reject the claim under section 101 unless there is a clear indication that the method is not directed to an abstract idea."  Memorandum from Robert W. Bahr, Acting Associate Commissioner for Patent Examination Policy, to Patent Examining Corps, at 2 (June 28, 2010).[5]  Koresko's process cannot be one of the few processes that clearly

---

[4] *See, e.g.*, *In re Ferguson*, 558 F.3d 1359, 1364 (Fed. Cir. 2009) ("Nor do Applicants' methods, as claimed, transform any article into a different state or thing.  At best it can be said that Applicants' methods are directed to organizing business or legal relationships"); *Fort Props., Inc. v. Am. Master Lease, LLC*, 609 F. Supp. 2d 1052, 1056 (C.D. Cal. 2009) (finding unpatentable a method of real estate ownership that required the "creation of deedshares," because "what is allegedly created is nothing more than an arrangement of conceptual legal rights, which may or may not be in a printed document," and which could not constitute transformation of an article or thing).

[5] *Available at* http://www.uspto.gov/patents/law/exam/bilski_guidance_28jun2010.pdf.  *See also* Interim Guidance for Determining Subject Matter Eligibility for Process Claims in View of Bilski v. Kappos, 75 Fed. Reg. 43,922, 43,925-43,926 (July 27, 2010) (outlining factors to be considered by patent examiners in an abstract idea determination of a method claim).

7

lies beyond the machine-or-transformation test yet constitutes patentable subject matter because it is directed to an abstract idea.

In *Bilski*, the Supreme Court reiterated that patents are not allowed for laws of nature, physical phenomena, or abstract ideas. *Bilski*, 130 S. Ct. at 3225; *see also Diehr,* 450 U.S. at 185. Put differently, "'[a] principle, in the abstract, is a fundamental truth; an original cause; a motive; these cannot be patented, as no one can claim in either of them an exclusive right.'" *Bilski*, 130 S. Ct. at 3230 (quoting *Le Roy v. Tatham*, 55 U.S. (14 How.) 156, 175 (1852)).

In the present case, whether the Internal Revenue Code permits a person to fund a particular type of defined benefit pension plan with a variable life insurance policy or variable annuity in certain circumstances is a fundamental truth of the tax laws of the United States. Features of the Internal Revenue Code, even if they were allegedly "discovered" by an accountant or tax lawyer, already existed in the law as enacted by Congress and no one can claim an exclusive right in such a feature. It would be just as improper to let someone patent the "discovery" of an arrangement that exists in a law enacted by Congress as it would to let someone patent the discovery of a pre-existing law of nature, such as granting a patent on gravity to Sir Isaac Newton. *See Diehr*, 450 U.S. at 185 (stating "nor could Newton have patented the law of gravity"). Therefore, the claims of the '852 Patent are invalid under Section 101.

### IV. Conclusion

The decision by the Supreme Court in *Bilski* and the earlier precedents on which it relies lead to the inevitable conclusion that the '852 Patent is not directed to patent-eligible subject matter, thus rendering it invalid. As a result, this Court should permit Nationwide to file a motion for summary judgment on the issue of whether the '852 Patent is invalid under Section 101 and should continue to stay these cases in all other respects pending a decision on the motion for summary judgment.

|  |  |
|---|---|
|  | Respectfully submitted, |
| Dated: July 28, 2010 | *s/ Stephen C. Gray* |
|  | Stephen C. Gray (Bar No. 0067877) |
| J. Kevin Fee | BRICKER & ECKLER LLP |
| Mark J. Sherer | 100 South Third Street |
| MORGAN, LEWIS & BOCKIUS LLP | Columbus, Ohio 43215 |
| 1111 Pennsylvania Avenue NW | Telephone: 614-227-2329 |
| Washington, D.C. 20004 | Facsimile: 614-227-2390 |
| Telephone: 202-739-3000 | sgray@bricker.com |
| Facsimile: 202-739-3001 |  |
|  | Trial Counsel for Nationwide |
| Jay H. Calvert, Jr. | Life Insurance Company |
| MORGAN, LEWIS & BOCKIUS LLP |  |
| 1701 Market Street |  |
| Philadelphia, Pennsylvania 19103 |  |
| Telephone: 215-963-5000 |  |
| Facsimile: 215-963-5001 |  |
|  |  |
| Co-Counsel for Nationwide |  |
| Life Insurance Company |  |

## **CERTIFICATE OF SERVICE**

   I certify that on July 28, 2010, I electronically filed the foregoing "Nationwide Life Insurance Company's Brief Regarding *Bilski v. Kappos*, Pursuant to the Court's February 24, 2009 Order," with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the following:

  Clifford C. Masch, Esquire
  Brian D. Sullivan, Esquire
  REMINGER CO., L.P.A.
  1400 Midland Building
  101 Prospect Avenue, West
  Cleveland, OH 44115-1093

  *Counsel for PennMont Benefit Services, Inc.*
  *and John J. Koresko, V*

   And I hereby certify that I have mailed by regular United States Mail, postage prepaid, the foregoing document to the following non CM/ECF participant at this address:

  John J. Koresko, V
  200 West 4th Street
  Bridgeport, PA 19405


Dated: July 28, 2010         *s/ Stephen C. Gray*
               Stephen C. Gray (Bar No. 0067877)
               BRICKER & ECKLER LLP
               100 South Third Street
               Columbus, OH 43215
               Telephone: 614-227-2329
               Facsimile: 614-227-2390
               sgray@bricker.com

               Trial Counsel for Nationwide
               Life Insurance Company