IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| NATIONWIDE LIFE INSURANCE COMPANY, | |
| Plaintiff, | No. 2:05-cv-604-MHW-MRA |
| v. | |
| | Judge Michael H. Watson |
| PENNMONT BENEFIT SERVICES, INC., *et al.*, | Magistrate Judge Mark R. Abel |
| Defendants. | |
| NATIONWIDE LIFE INSURANCE COMPANY, | |
| Plaintiff, | No. 2:05-cv-1066-MHW-MRA |
| v. | |
| | Judge Michael H. Watson |
| JOHN J. KORESKO, V, | Magistrate Judge Mark R. Abel |
| Defendant. | |
| JOHN J. KORESKO, V, *et al.*, | |
| Plaintiffs, | No. 2:06-cv-66-MHW-MRA |
| v. | |
| | Judge Michael H. Watson |
| NATIONWIDE LIFE INSURANCE COMPANY, | Magistrate Judge Mark R. Abel |
| Defendant. | |

**NATIONWIDE LIFE INSURANCE COMPANY'S OPPOSITION TO
JOHN J. KORESKO'S REQUEST TO FILE A BRIEF REGARDING
*BILSKI v. KAPPOS*, OUT OF TIME, FOLLOWING THE ISSUANCE
OF THE MANDATE IN HIS INTERLOCUTORY APPEAL**

Nationwide Life Insurance Company ("Nationwide") submits this opposition to John J. Koresko's August 5, 2010 letter to the Court,[1] which requests that Koresko be allowed to submit a brief, out of time,[2] on the impact of *Bilski v. Kappos*, 130 S. Ct. 3218 (2010), on this litigation.

---

[1] The form of Koresko's request is improper under Local Rules 6.1(b), 7.2(a) & (c), and 7.3, and under this Court's prior Order advising Koresko that "all future correspondence with the Court must be by way of formal motion." (Doc. No. 6 in Case No. 2:05-cv-1066.)

[2] In its February 24, 2009 Order, the Court directed the parties, within 30 days of the Supreme Court's decision on the merits in *Bilski*, simultaneously to submit briefs analyzing the holding in *Bilski* in relation to these matters. The Supreme Court issued its decision on June 28, 2010, making the parties' briefs due July 28, 2010.

Specifically, Koresko requests that he be allowed to file a late brief "within 30 days of the issuance of a mandate" on his appeal of the Court's October 30, 2009 Order that permitted some, but not all, members of his legal team to withdraw as counsel. *See* Ex. 1 at 2 (August 5, 2010 letter).[3] Because Koresko's failure to comply with the Court's Order is not the result of excusable neglect, and is also improper for several other reasons, his request should be denied.

## I. Argument

Under Rule 6(b), when a party moves to file after the relevant deadline has passed, the Court may permit it only where the movant shows that his failure to file before the deadline was due to "excusable neglect."  Fed. R. Civ. P. 6(b)(1)(B); *Nafziger v. McDermott Int'l, Inc.*, 467 F.3d 514, 522 (6th Cir. 2006). In determining "excusable neglect," the Court examines: (1) the reason for the delay, (2) whether the delay was within the reasonable control of the moving party, (3) whether the late-filing party acted in good faith, (4) the length of the delay and its potential impact on judicial proceedings, and (5) the danger of prejudice to the nonmoving party. *Id.* (citing *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 395 (1993)). Because Koresko has made no effort to show good cause and excusable neglect as required by Rule 6(b), his request must be denied.

### A. Koresko's purported reasons for his failure to file a brief do not constitute "excusable neglect."

Koresko's purported reasons for why he did not comply with the Court's February 24, 2009 Order are: (1) his former counsel at Woodcock Washburn LLP failed to inform him of the February 24, 2009 Order, and (2) he was operating under the "impression" that his interlocutory appeal of the Court's Order permitting Woodcock Washburn to withdraw as counsel "divested

---

[3] All exhibits are attached to the Declaration of Mark J. Sherer in Support of Nationwide's Opposition, filed August 10, 2010.

the district court of jurisdiction." Ex. 1 at 1. Neither of these claims excuses Koresko's failure to comply with the deadline of the Court's February 24, 2009 Order.

### 1. Koresko's problems with his former counsel at Woodcock Washburn do not constitute excusable neglect.

The purported failure of Woodcock Washburn to inform Koresko of the contents of the Court's February 24, 2009 Order, cannot constitute excusable neglect. Rather, clients must "be held accountable for the acts and omissions of their chosen counsel." *Pioneer*, 507 U.S. at 396-97. As the Supreme Court explained in *Link v. Wabash R.R.*, 370 U.S. 626 (1962):

> Petitioner voluntarily chose this attorney as his representative in the action, and he cannot now avoid the consequences of the acts or omissions of this freely selected agent. Any other notion would be wholly inconsistent with our system of representative litigation, in which each party is deemed bound by the acts of his lawyer-agent and is considered to have notice of all facts, notice of which can be charged upon the attorney.

*Id.* at 633-34 (citations omitted); *see Allen v. Murph*, 194 F.3d 722, 724 (6th Cir. 1999) (declining to find excusable neglect even though the neglect was due solely to the "carelessness of these attorneys" and even though the clients themselves had acted "promptly and diligently."); *see also Howard v. Nationwide Prop. & Cas. Ins. Co.*, 306 Fed. App. 265, 267 (6th Cir. 2009) ("Plaintiff argues she should not be punished for her attorney's error, but *Pioneer* also prevents us from accepting this argument."); *Black v. Columbus Pub. Schs.*, 211 F. Supp. 2d 975, 982 (S.D. Ohio 2002) ("Constructive knowledge is attributed to an individual who has retained an attorney.") (citing *Jackson v. Richards Med. Co.*, 961 F.2d 575, 579 (6th Cir. 1992)).

Here, therefore, Koresko cannot excuse his failure to file a brief by blaming his former counsel. As the Supreme Court has noted, "if an attorney's conduct falls substantially below what is reasonable under the circumstances, the client's remedy is against the attorney in a suit

for malpractice;" forgiving a party for the omissions of his own attorney would be visiting the sins of his lawyer upon the opposing party. *Link*, 370 U.S. at 634 n.10.

### 2. Koresko is still represented by counsel and his new purported status as *pro se* does not entitle him to a lower burden under Rule 6(b).

Moreover, Koresko is not entitled to a lesser burden on his request for an extension just because, following this Court's Order permitting attorneys from Woodcock Washburn to withdraw, Koresko now purports to represent himself pro se.[4] Despite his representations, Koresko is not actually pro se in this litigation. From the beginning of this litigation to the present, Koresko has been represented by attorneys Brendan D. Sullivan and Clifford C. Masch of Reminger Co., L.P.A.[5] Sullivan and Masch remain trial counsel of record for Koresko, are registered electronic filers with this Court, and have received all filings made in these matters.[6] As counsel of record for Koresko, Sullivan and Masch are responsible for knowing and complying with the applicable deadlines; Koresko's own neglect in failing timely to file a brief does not make his failure excusable for purposes of Rule 6(b). *Allen*, 194 F.3d at 724 ("'excusable neglect' does not turn solely on whether the *client* has done all that he reasonably could to ensure compliance with a deadline; the performance of the client's *attorney* must also be taken into account." (emphasis in original)).

---

[4] Notably, as an attorney licensed in Pennsylvania and Florida, Koresko's claim that he did not understand the law or this Court's orders is unavailing. *See Ning Ye v. Holder*, 644 F. Supp. 2d 112, 115 (D.D.C. 2009) (finding practicing attorney proceeding *pro se* would not be allowed the latitude normally given to unrepresented parties; filing *pro se* did not constitute license to ignore the Federal Rules of Civil Procedure).

[5] Where, as here, Koresko has been represented by counsel at Reminger Co., L.P.A., he has no right to appear as co-counsel in his personal capacity (i.e., pro se). "A party has a right to represent himself or to be represented by an attorney, but he cannot have it both ways. There is no right to hybrid representation in the federal courts." *McCulloch v. Velez*, 364 F.3d 1, 5 (1st Cir. 2004); *see also United States v. Green*, 388 F.3d 918, 922-23 (6th Cir. 2004).

[6] In contrast to his accusations against Woodcock Washburn, Koresko has never presented any indication that there have been communication problems between him and his attorneys at Reminger, Co., L.P.A. *See Daniel v. Cantrell*, 375 F.3d 377, 386 (6th Cir. 2004) (finding claim of communication problems between attorney and client did not affect imputation of knowledge, especially where client had not shown any evidence of serious communication problems).

### 3. Koresko's mistake of law concerning the effect of his notice of appeal cannot constitute excusable neglect.

Koresko claims that he did not comply with the Court's February 24, 2009 Order because he was "under the impression" that his notice of appeal of the Court's order permitting Woodcock Washburn to withdraw had "divested the district court of jurisdiction" over all issues in this litigation. Ex. 1 at 1. Koresko's impression is incorrect as a matter of law and cannot constitute excusable neglect.

#### a. The interlocutory appeal does not divest the district court of jurisdiction over claims unrelated to the order permitting the withdrawal of Koresko's counsel.

While Koresko has filed a notice of appeal, no appeal has been docketed in the Court of Appeals for the Sixth Circuit. Presumably this is because the Court's Order permitting Woodcock Washburn to withdraw is an interlocutory order that is not automatically appealable, *cf.* 28 U.S.C. §§ 1291, 1292(a), and Koresko never moved for the required order certifying it for purposes of appeal. 28 U.S.C. § 1292(b). Even had Koresko moved for certification of the Order, such an "application for an appeal . . . shall not stay proceedings in the district court unless the district judge or the Court of Appeals or a judge thereof shall so order." *Id*. § 1292(b).

Even had Koresko moved to certify his appeal, his "impression" that the notice of his interlocutory appeal divested this Court of jurisdiction is wrong as a matter of law. "A notice of appeal from an interlocutory order does not produce a complete divestiture of the district court's jurisdiction over the case; rather, it only divests the district court of jurisdiction over those aspects of the case on appeal." *Alice L. v. Dusek*, 492 F.3d 563, 564 (5th Cir. 2007); *see also Griggs v. Provident Consumer Discount Co.*, 459 U.S. 56, 58 (1982) ("The filing of a notice of appeal is an event of jurisdictional significance-it confers jurisdiction on the court of appeals and divests the district court of its control *over those aspects of the case involved in the appeal.*")

(emphasis added); *Dayco Prods., Inc. v. Walker*, 142 F.R.D. 450, 453 (S.D. Ohio 1992) ("If an appeal effected an automatic stay, there would be a greatly increased incentive for parties who profit from delay to take appeals which are very unlikely to be successful.").[7]

Here, the Order from which Koresko has noticed an appeal relates solely to the Court's decision that permitted Woodcock Washburn to withdraw as Koresko's counsel.  Because the withdrawal of counsel is unrelated to the substantive issues in these cases, it has no impact on the Court's jurisdiction over those issues and cannot excuse Koresko from complying with the Court's orders unrelated to that withdrawal.

> **b.  Koresko's "impression" that his appeal divested the Court of jurisdiction is a mistake of law, not of fact, and cannot constitute excusable neglect.**

Even if Koresko believed that the notice of his interlocutory appeal divested this Court of jurisdiction over the whole case, and therefore relieved him from compliance with this Court's February 24, 2009 Order, Koresko's "inaction or strategic error based upon a misreading of the applicable law cannot be deemed 'excusable' neglect." *McCurry ex rel. Turner v. Adventist Health System/Sunbelt, Inc.*, 298 F.3d 586, 595 (6th Cir. 2002).  Rule 6(b) "does not permit litigants and their counsel to evade the consequences of their legal positions and litigation strategies, even though these might prove unsuccessful, ill-advised, or even flatly erroneous." *Id.*; *see also FHC Equities, L.L.C. v. MBL Life Assur. Corp.*, 188 F.3d 678, 685 (6th Cir. 1999) (reiterating that mistake of law does not constitute excusable neglect); *Advanced Estimating Sys., Inc. v. Riney*, 130 F.3d 996, 999 (11th Cir. 1997) (holding that misunderstanding of the law that caused failure timely to file a notice of appeal was based on a mistake of law, and therefore

---

[7] *American Town Center v. Hall 83 Associates*, 912 F.2d 104 (6th Cir. 1990), on which Koresko purports to rely, does not support his mistaken "impression."  In that case, the court of appeals distinguished a district court's powers to enforce a decision on appeal from its inability to expand the decision pending appeal.  *See id.* at 111.  The case does not include any discussion regarding a stay of proceedings or divestiture of jurisdiction pending an interlocutory appeal.

could not be excusable neglect); *Bosley v. 21 MFMJ*, No. 4:04-cv-2529, 2006 WL 903210, at *2-3 (N.D. Ohio. Apr. 7, 2006) (holding mistake of law concerning application of rules could not constitute excusable neglect).

### B. The delay was reasonably in Koresko's control, and Koresko has not acted in good faith.

Koresko also cannot show excusable neglect because his failure to file and his delay in requesting an extension was reasonably within his control, and because he has not acted in good faith. Specifically, the evidence shows that Koresko's counsel—and indeed, Koresko himself—were well aware of the contents of the Court's February 24, 2009 Order long before the July 28, 2010 deadline.

#### 1. Nationwide put Koresko and his attorneys at Reminger Co. L.P.A. on notice, more than a week before the deadline, that the brief was due.

First, on July 20, 2010, more than a week before the parties' briefs were due, Nationwide filed a Notice of the Supreme Court's decision in *Bilski*, specifically alerting the parties, their counsel, and the Court that the clock set by the Court's February 24, 2009 Order was running, and that the parties' briefs were due on July 28, 2010. Ex. 2 at 2 (Notice) (*see also* Docket No. 135 in Case No. 2:05-cv-1066 (filed Notice)). Not only was Nationwide's Notice served on Koresko's counsel (Sullivan and Masch of Reminger Co., L.P.A.) via the ECF system, but Nationwide also served the Notice and a copy of the *Bilski* slip opinion on Mr. Koresko himself via both first class U.S. mail and Certified Mail. *See* Ex. 2 at 3 (Certificate of Service); Ex. 3 (Certified Mail Receipt). While the package sent via first-class mail was not returned and presumably was received by Koresko, he refused to accept the copy sent via certified mail. *See* Ex. 4 (U.S. Postal Service Track & Confirm Results).

> **2.     In March 2010, Koresko personally wrote and filed a brief in the Court of Appeals for the Third Circuit in which he acknowledged and relied on the contents of the Court's February 24, 2009 Order.**

Koresko's lack of good faith in this matter is shown by his own admissions made to another court regarding this matter. Specifically, Koresko's claim that he was personally ignorant of the Court's February 24, 2009 Order is belied by the brief dated March 30, 2010 that Koresko *himself* wrote, signed, and filed in U.S. Court of Appeals for the Third Circuit in a case involving the same patent as this litigation. In his brief, Koresko told the Third Circuit that:

> The Travelers' patent matter is identical to the Ohio District Court case filed by Nationwide Insurance Company involving the same patent. That matter *Nationwide Insurance Co. v Koresko,* USDC-SD Ohio 2:06-cv-00066 has been stayed.[FN 2]
> . . .
> _____
> [FN 2] The patent case in the Southern District of Ohio, *Nationwide v Koresko,* No.06-cv-00066, has been stayed pending the decision of the Supreme Court of the United States in *Bilski, et al v Kappos,* No. 08-964. Oral argument was heard by the Supreme Court in November 2009. To date the Court has not ruled.

Ex. 5 at 11 & n.2 (Appellants' Brief, *Koresko v. Bleiweis*, Nos. 09-3685 & 09-3812 (3d Cir. Mar. 30, 2010). Koresko also wrote:

> Importantly Appellees allude to but never directly address what they describe as "substantially similar litigation". (A 450) The case, *Koresko v Nationwide Ins. Co.,* USDC ED Pa., No. 05-cv-3800, transferred to USDC SD Ohio at No. 2:06-cv-00066. The matter is stayed pending the outcome in *Bilski, et al v Kappos,* United States Supreme Court No. 08-964. It will have an effect on this case. Should this pending matter in the Supreme Court result in a decision adverse to business process patents, Appellees would realize a significant advantage in this case.

Ex. 5 at 26.

Since Koresko was able to describe accurately the contents of the Court's February 24, 2009 Order in support of his arguments to the Third Circuit, in March 2010, he cannot now seriously claim that, only four months later, he was unaware of the contents of the Order.[8]

Given Nationwide's July 20, 2010 Notice of the filing deadline, and Koresko's own March 2010 brief, both Koresko and his counsel knew the contents of the February 24, 2009 Order well in advance of the July 28, 2010 deadline.  Yet, neither Koresko nor his counsel acted on that knowledge—either to comply with the deadline or to move for an extension of time before the deadline expired.  *See* Fed. R. Civ. P. 6(b)(1).  As such, the delay by Koresko in filing his brief was clearly within his control and he has not acted in good faith by claiming now that he was unaware of the contents of the Order.

> C. **The length of delay requested is improper and would likely adversely impact judicial proceedings.**

Koresko's request is also improper because the length of the delay he seeks would adversely impact this Court's proceedings.  Here, Koresko has not only asked for thirty additional days, but also that his thirty-day-clock not beginning running until after the Court of Appeals issues the mandate in his interlocutory appeal.  The length of this requested delay is improper.  As noted above, Koresko's interlocutory appeal has yet to be docketed in the Court of Appeals, much less considered.  Considering the time required to brief and decide an appeal, it would likely be more than a year before the Court of Appeals issues its mandate.  Koresko's requested deadline, therefore, would make proceedings in this Court dependent on the timing of

---

[8] *See, e.g.*, *Reynolds v. Comm'r of Internal Revenue*, 861 F.2d 469, 472 (6th Cir. 1988) (finding rules preventing a party from taking a position inconsistent with one asserted in a prior proceeding protect the integrity of the judicial process); *Allen v. Zurich Ins. Co.*, 667 F.2d 1162, 1167 n. 3 (4th Cir. 1982) (finding no judicial aid should be provided to litigants' enterprise of "blowing hot and cold as the occasion demands"); *Scarano v. Central R.R.*, 203 F.2d 510, 513 (3d Cir. 1953) (finding a party's "use of inconsistent positions would most flagrantly exemplify that playing 'fast and loose with the courts' which has been emphasized as an evil the courts should not tolerate."); *Duplan Corp. v. Deering Milliken, Inc.*, 397 F. Supp. 1146, 1177 (D.S.C. 1974). (holding that "a party cannot have its cake and eat it too.").

future actions by the Court of Appeals at some indeterminate date in the future, disrupting the progress of this litigation. *See Howard*, 306 Fed. App. at 267 (denying motion to file out-of-time because it would be prejudicial to judicial administration; requested delay of three weeks would interfere with court's ability to expediently resolve the issues prior to trial via summary judgment as court would have to wait for additional briefing and delay other proceedings); *see also United States v. Bilsky*, 664 F.2d 613, 615 (6th Cir. 1981) (noting the "delays and disruptions inherent in interlocutory or 'piecemeal' appeals").

### D. Koresko's requested delay would be prejudicial to Nationwide

Koresko's request should be denied because granting it would be prejudicial to Nationwide. First, as demonstrated in Nationwide's July 28, 2010 brief, the Supreme Court's decision in *Bilski* and the earlier precedents on which it relies lead to the inevitable conclusion that Koresko's patent is not directed to patent-eligible subject matter, thus rendering it invalid. Summary judgment proceedings on the patent's validity are therefore appropriate here to resolve this litigation in short order. Koresko's request to wait for a mandate from the Court of Appeals—on an interlocutory appeal in which Nationwide is not involved—would prejudice Nationwide by unnecessarily delaying resolution of these matters.

Second, the Court's February 24, 2009 Order required *simultaneous* briefing by both sides on the impact of the *Bilski* opinion. The Court did not intend that only Nationwide would file, and that Koresko would then be permitted to respond to Nationwide's arguments at some indeterminate point in the future. Because Nationwide filed its brief without the benefit of knowing Koresko's arguments, it would be unfair and prejudicial to allow Koresko to file a brief in which he can respond to Nationwide's arguments and authorities. Moreover, any brief Koresko files in the future would benefit from developments in the Federal Circuit and other courts that will undoubtedly elucidate the Supreme Court's *Bilski* holding. Consequently, if the

Court permits Koresko to file a brief out of time, Nationwide should be permitted to file a reply to Koresko's brief to respond to his arguments and to address new authorities.

## II. Conclusion

For the reasons stated above, Koresko's request to file a brief regarding *Bilski v. Kappos*, out of time, following the issuance of the mandate in his interlocutory appeal, should be denied. If the Court does permit Koresko to file a late brief, the Court should permit Nationwide to file a reply to Koresko's brief to respond to his arguments and to address new authorities.

Respectfully submitted,

Dated: August 10, 2010

*s/ Mark J. Sherer*
J. Kevin Fee (*pro hac vice*)

Stephen C. Gray (Bar No. 0067877)
BRICKER & ECKLER LLP
100 South Third Street
Columbus, Ohio 43215
Telephone: 614-227-2300
Facsimile: 614-227-2390
sgray@bricker.com

Mark J. Sherer (*pro hac vice*)
MORGAN, LEWIS & BOCKIUS LLP
1111 Pennsylvania Avenue NW
Washington, D.C. 20004
Telephone: 202-739-3000
Facsimile: 202-739-3001

Trial Counsel for Nationwide
Life Insurance Company

Jay H. Calvert, Jr. (*pro hac vice*)
MORGAN, LEWIS & BOCKIUS LLP
1701 Market Street
Philadelphia, Pennsylvania 19103
Telephone: 215-963-5000
Facsimile: 215-963-5001

Co-Counsel for Nationwide
Life Insurance Company

**CERTIFICATE OF SERVICE**

I certify that on August 10, 2010, I electronically filed the foregoing "Nationwide Life Insurance Company's Opposition to John J. Koresko's Request to File a Brief regarding *Bilski v. Kappos*, Out of Time, Following the Issuance of the Mandate in his Interlocutory Appeal," with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the following:

>Clifford C. Masch, Esquire
>Brian D. Sullivan, Esquire
>REMINGER CO., L.P.A.
>1400 Midland Building
>101 Prospect Avenue, West
>Cleveland, OH 44115-1093
>
>*Counsel for PennMont Benefit Services, Inc. and John J. Koresko, V*

And I hereby certify that I have mailed by United States Postal Service the foregoing document to the following non CM/ECF participant:

>John J. Koresko, V
>200 West 4th Street
>Bridgeport, PA 19405

Dated: August 10, 2010

>   *s/ Mark J. Sherer*
>Mark J. Sherer (*pro hac vice*)
>MORGAN, LEWIS & BOCKIUS LLP
>1111 Pennsylvania Avenue NW
>Washington, D.C. 20004
>Telephone: 202-739-3000
>Facsimile:  202-739-3001
>msherer@morganlewis.com
>
>Co-Counsel for Nationwide
>Life Insurance Company